UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL FELLNER | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 18-cv-05965-NGG-CLP |
| | ) |
| JEWISH VOICE INC. | ) |
| | ) |
| Defendant. | ) |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

It is hereby stipulated and agreed by the above-named parties, subject to the approval of the Court, as follows:

The discovery sought by the parties from each other in the above-styled case may involve production of documents, information, and things containing personal, business, competitive, proprietary, or other information of a sensitive nature, hereinafter referred to as "Confidential Information," and witness testimony containing or referring to Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

**A.    Designation of Confidential Information**

1.    *Designation of Material.*  Designation of information or documents as "Confidential Information" may be achieved by stamping or marking such materials as "CONFIDENTIAL." Copies, extracts, summaries, notes, and other derivatives of Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions

of this Order. Information or documents that contains highly sensitive business or personal information, the disclosure of which may cause significant harm to an individual or to the business or competitive position of the disclosing party, may be marked "ATTORNEY'S EYES ONLY."

2. *Applicability.* This Order shall apply to the production of information and documents whether or not such materials are informally produced or produced in response to a formal discovery request, subpoena, or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties.

3. *Inadvertent Production Without Designation.* The inadvertent production of any information or document without a Confidential Information designation as provided herein shall be without prejudice to a subsequent claim that such material is Confidential Information. If the producing party asserts that such materials include Confidential Information, the receiving party shall take prompt steps to ensure that all known copies of such material are marked as Confidential Information and treated as such. Nothing in this section shall preclude a party from challenging the propriety of the claim of confidentiality.

4. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. Until expiration of the

aforementioned thirty (30)-day period, the entire deposition transcript and all exhibits thereto will be treated as Confidential Information under this Order.

5. *Modification of Designation.* The designation of Confidential Information may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to modify or eliminate the "CONFIDENTIAL" designation concerning any material it produced;

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to eliminate or modify the "CONFIDENTIAL" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation. Until the Court rules, the disputed material shall be treated as Confidential Information.

**B.   Access to Confidential Information**

6. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such counsel who are working on the litigation);

(b) To the parties, including their employees, officers, and directors, <u>but only</u> on an as-needed basis and to the extent necessary to prosecute or defend the claims asserted in this lawsuit, after they have been given, and read, a copy of this Confidentiality Stipulation by their counsel, and not with respect to Confidential Information marked "ATTORNEYS EYES ONLY";

(c) To the Court and its official personnel;

151045.00602/119853948v.1

(d) At a deposition, to any current or former officer, director, manager, employee, or agent of or for the party or non-party designating the material as Confidential;

(e) To court reporters and videographers transcribing a deposition, hearing, or other proceeding in this matter;

(f) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation) <u>but only</u> on an as-needed basis and to the extent necessary to prosecute or defend the claims asserted in this lawsuit, after they have been given, and read, a copy of this Confidentiality Stipulation by their counsel, and not with respect to Confidential Information marked "ATTORNEYS EYES ONLY" unless otherwise authorized by the disclosing party;

(g) To third-party photocopying or document imaging contractors and third-party contractors producing visual or graphic presentation aids involved solely in providing litigation support services to counsel in this litigation; and

(h) To insurers of the parties, but only to the extent necessary to analyze or determine potential coverage for the claims asserted in this lawsuit.

Nothing herein shall prevent the producing party from showing the documents or information <u>that it produces</u> to an employee, officer, or director of that party or from using the material in any way.

151045.00602/119853948v.1

7. *No Copies/Notes.* Except for internal use by counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

8. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## C.  Use of Confidential Information

9. *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein. Nothing herein shall prevent the producing party from using the material <u>that it produces</u> in any way, in this litigation or for any other purpose.

10. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information; provided, however, that under no circumstances may a party to this litigation be excluded from attendance at a deposition.

11. *Use at Court Hearings and Trial.* Subject to the applicable rules of evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives

reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

12. *Filing Under Seal.* In each case in which a party seeks to file with the Court any document that contains or references any Confidential Information, the party seeking to keep the information confidential shall file a motion with the Court to file the document under seal, including a showing of good cause therefor. Prior to moving the Court for such relief, the parties shall confer to discuss the Confidential Information in the document to be filed, and the appropriateness of filing the document under seal. During the conference of the parties, the non-moving party shall indicate whether or not it intends to oppose the moving party's request to file under seal. If the non-moving party does not intend to oppose the moving party's request to file under seal, the moving party shall indicate as such in their moving papers filed with the Court. If the non-moving party does intend to oppose the moving party's request to file under seal, the parties' moving, opposition, and reply papers shall be filed in the time frame specified in the Local Rules of the United States District Court for the Eastern District of New York, unless such otherwise stipulated by the parties or ordered by the Court.

13. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

14. *Third-Party Discovery.* If a third party provides discovery to any party in connection with this action, and, if the third party so elects, then the provisions of this Order shall be available to that third party and shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights

and obligations under this Order as held by the parties to this action. To the extent that information, documents, and/or deposition testimony are sought from a third party via subpoena or otherwise, and in the event any information, documents, and/or deposition testimony are obtained from a such third party, then such third-party shall have the right to designate any such information, documents, and/or deposition testimony as "CONFIDENTIAL" and, if applicable, "ATTORNEYS EYES ONLY," and the use of such Confidential Information by any receiving party shall be governed in all respects by the terms of this Order.

15. *Other Proceedings.* Whenever any party is requested as part of another legal proceeding to disclose Confidential Information to persons or entities not authorized by this Order to have access to the same, the party so requested shall, as soon as reasonably practicable but in no event later than fourteen (14) days after receipt of the request, notify every party and nonparty who designated the documents as Confidential Information of the existence of such request. As long as a protective order governing confidential information is entered in that other legal proceeding, the party receiving the request need not withhold the Confidential Information for more than fourteen (14) days after notification is sent to the producing party unless the producing party has by then made an application with a court having jurisdiction over the other matter to preclude production of the Confidential Information, in which case the party receiving the request shall await and abide by the court order resolving the issue.

16. *Return or Destruction After Litigation.* All documents, information, and things designated as Confidential Information, and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. This provision does not apply to outside

litigation counsel for each party, who may keep copies of all such documents as part of their case files.

**D.     Other Provisions**

17.     *Not an Admission.*  Nothing in this Order shall constitute an admission or acknowledgement by the receiving party that information designated as "CONFIDENTIAL" is actually Confidential Information.  Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

18.     *Privileges/Objections.*  Nothing in this Order shall require the disclosure of documents or information that counsel contends is otherwise protected from disclosure under the applicable rules of discovery (relevance, etc.) or pursuant to the attorney-client privilege, the attorney work-product immunity, or other applicable privilege or immunity, or where such disclosure would breach an agreement with another to maintain such information in confidence, unless ordered by the Court.

19.     *Lasting Obligations.*  All obligations and duties arising under this Order shall survive the termination of this action.  The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Confidential Information under the terms of this Order, with respect to any dispute over the improper use of such Confidential Information.

/ / /

/ / /

/ / /

151045.00602/119853948v.1

| | |
|---|---|
| May 22, 2019 | LIEBOWITZ LAW FIRM PLLC |
| | By /s/ richardliebowitz |
| | Richard Liebowitz, Esq. |
| | James Freeman, Esq. |
| | 11 Sunrise Plaza, Suite 301 |
| | Valley Stream, NY 11580 |
| | Telephone: (516) 233-1660 |
| | |
| | ATTORNEYS FOR PLAINTIFF |
| | |
| May 22, 2019 | BLANK ROME LLP |
| | By /s/ Stephen A. Soffen |
| | Stephen A. Soffen |
| | EDNY #SS4547 |
| | 1825 Eye Street NW |
| | Washington, DC 20006 |
| | Telephone: (202) 420-4879 |
| | |
| | ATTORNEYS FOR DEFENDANT |

**SO ORDERED:**

_____              _____
Date                                                              Cheryl L. Pollak, Magistrate Judge

151045.00602/119853948v.1